IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MERLE DUEHR, JR., TRUSTEE OF
STEEL WORKERS PENSION TRUST,

        Plaintiff,      Case No. 3:08 CV 2300

  -vs-

                  MEMORANDUM OPINION
NORWALK FURNITURE CORPORATION,   AND ORDER

        Defendant.

KATZ, J.

  This matter is before the Court on Plaintiff's application for a temporary restraining order and preliminary and injunctive relief. For the following reasons, the Court finds the motion not well taken.

## BACKGROUND

  Plaintiff, Merle Duehr, Jr. is a Trustee of the Steel Workers Pension Trust and alleges Norwalk Furniture Corporation ("Norwalk") has failed to remit delinquent contributions in excess of $37,707.14. In his complaint, the Plaintiff alleges claims for breach of the collective bargaining agreement, delinquent contributions, injunctive relief, and breach of fiduciary duty. Plaintiff' motion for a TRO seeks to enjoin the sale and transfer of business assets, liquidation of assets, removal of property, removal/transfer of assets and destruction of financial records relative to Norwalk. Additionally, on September 26, 2008, the Plaintiff has filed a motion in support of pre-judgment attachment of assets under Ohio Rev. Code § 2715.01.

## MOTION FOR TRO

*A. Standard*

Under Fed. R. Civ. P. 65, injunctive relief is an extraordinary remedy whose purpose is to preserve the status quo. Injunctive relief may be granted to effect preventative or protective relief. The factors considered in granting a TRO or a preliminary injunction are similar in nature. In the Sixth Circuit it is well settled that the following factors are to be considered in making this determination:

> (1) whether the movant has a strong liklihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

*Ohio Republican Party v. Brunner*, __F.3d___, 2008 WL 4414502 *3 (6th Cir. 2008) citing *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) . The Sixth Circuit also advocates a balancing approach as to these factors:

> It thus appears that the precise wording of the standard for the likelihood of success on the merits is not as important as a realistic appraisal of all of the traditional factors weighed by a court of equity. A balancing is required, and not the mechanical application of a certain form of words.

*Roth v. Bank of the Commonweath,* 583 F.2d 527, 537-38 (6th Cir. 1978), *cert. dismissed,* 442 U.S. 925 (1979). *See also, In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

*B. Discussion*

In this instance, Plaintiff alleges the Defendant's financial status is uncertain and states that a sale of the company has either occurred or will occur shortly. A news article attached in support of Plaintiff's affidavit in support of the motion indicates the Ohio plant will resume operations albeit under new ownership at its current Ohio location. Prior to this sale, the union leadership was asked to waive its right to enforce a successorship clause in the collective bargaining agreement but did not sign the waiver agreement. (Cassara Affidavit at ¶ 5.)

It would appear that the threat of irreparable harm is not satisfied in this instance. The assets of the Defendant appear to remain in place at the Ohio facility and there is no allegation that movement of those assets is underway. If the sale has already occurred, a likely event, the Plaintiff has an adequate remedy at law in his motion for attachment of assets which will be set for a hearing should the Defendant fail to respond by the close of business on October 3, 2008. Finally, successor liability as to the delinquent contributions constitutes another remedy which may be pursued as a matter of law.

For these reasons, Plaintiff's motion for a TRO (Doc. No. 4) is denied.

IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE